**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Jessica Vizer,<br><br>        Plaintiff,<br><br>v.<br><br>ARM WNY, LLC<br>200 John James Audubon Pkwy, Suite 300<br>Amherst, NY 14228<br><br>and<br><br>Domenico DøAngelo<br>200 John James Audubon Pkwy, Suite 300<br>Amherst, NY 14228<br><br>and<br><br>Adam D. March<br>5145 Kraus Road<br>Clarence, NY 14031<br><br>        Defendants. | Case No. 1:14-cv-04707<br><br>**AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br><br>**Jury Demand Requested** |

Now comes Plaintiff, by and through her attorneys, and for her Amended Complaint, alleges as follows:

**JURISDICTION AND VENUE**

1- This Court has jurisdiction under 28 U.S.C. §1331, §1337, 15 U.S.C. § 1692k(d) (FDCPA). Venue in this District is proper because defendant transacts business here.

**PARTIES**

2- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

3- Plaintiff is a resident of the State of the Illinois.

1

4- Defendant ARM WNY, LLC ("ARM") is a corporation with its principal office in the State of New York.

5- Upon information and belief, Defendant Domenico D'Angelo ("D'Angelo") is the manager, operator, supervisor, and/or de facto owner of ARM, and has direct control over the operations of ARM.

6- Upon information and belief, Defendant Adam March ("March") is a manager, operator, supervisor, and/or de facto owners of ARM, and have direct control over the operations of ARM.

7- Employees can be held personally liable under the FDCPA. *See Robinson v. Manages Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal 2009); *see also Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal. 2008).

8- Most district courts that have addressed the issue of personal liability have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. *See Schwarm v. Craighead*, 552 F.Supp.2d 1056 (E.D. Cal. 2008); *see also Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F.Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F.Supp.2d 891 (N.D.Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D.PA 2004); *Brink v. First Credit Res.*, 57 F. Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp.2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

9- Unless specifically stated otherwise, the term "Defendant" as used herein shall refer to Defendants ARM, D'Angelo, and March; collectively.

10- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

11- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

12- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

13- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

## FACTS

14- On or around April 17, 2014, Defendant telephoned Plaintiff to collect a debt.

15- During this communication, Defendant threatened to take Plaintiff to court if the debt was not paid.

16- At the time of these communications, Defendant had no intention of filing a lawsuit against Plaintiff.

17- At the time of these communications, Defendant had no control over the timing and/or ability to file a lawsuit against Plaintiff.

18- Defendant damaged Plaintiff.

19- Defendant violated the FDCPA.

## COUNT I

20- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC § 1692e(5) by threatening to take action that could not be legally taken at the time.

## COUNT II

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(5) by threatening to take action that Defendant did not intend to take at the time.

### COUNT III

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC §1692e(10) by using false representation or deceptive means to collect a debt.

### COUNT VI

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, a debt.

### COUNT V

28- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

29- Defendant violated 15 USC § 1692e(11) by failing to disclose that a communication was from a debt collector.

### JURY DEMAND

30- Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

31- Plaintiff prays for the following relief:

  a- Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

  b- Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

4

c- Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d- Any other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*